TO:    Clerk of Court
       United States District Court
       Southern District of New York
       Charles L. Brieant, Jr.
       Federal Building and United States Courthouse
       300 Quarropas Street
       White Plains, N.Y. 10601

FROM:  Salim Nafis Az-Zahid #95-B-1237
       Wyoming Correctional Facility
       P.O. Box 501
       Attica, N.Y. 14011-0501

June 4, 2024

Dear Sir/Madam:

Please find enclose an original Amended Complaint to be file at your courthouse. Thank you for your attention regarding the submission of the enclose Amended Complaint.

Respectfully,

Salim Nafis Az-Zahid
#95-B-1237
Wyoming Correctional Facility
P.O. Box 501
Attica, N.Y. 14011-0501

cc: file/SNA



RECEIVED JUN 10 2024 U.S.D.C. W.P.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

SALIM NAFIS AZ-ZAHID, #95B1237

Write the full name of each plaintiff.

-against-

C.O. MURPHY, SERGEANT DECKER, NURSE MYERS, SERGEANT BRANDON WALLNER

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

23 CV 6718(KMK)

(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☒ Yes   ☐ No

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.



RECEIVED JUN 10 2024 U.S.D.C. W.P.

Page 1

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☒ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

| SALIM | NAFIS | AZ-ZAHIS |
|---|---|---|
| First Name | Middle Initial | Last Name |

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

95-B-1237

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Wyoming Correctional Facility

Current Place of Detention

P.O. Box 501

Institutional Address

| Attica | N.Y. | 14011-0501 |
|---|---|---|
| County, City | State | Zip Code |

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☒ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:
Officer Murphy
First Name / Last Name / Shield #

Corrections Officer
Current Job Title (or other identifying information)

Sullivan Correctional Facility / 325 Riverside Drive
Current Work Address    P.O. Box 116

Fallsburg / N.Y. / 12733-0116
County, City / State / Zip Code

Defendant 2:
Sergeant Decker
First Name / Last Name / Shield #

Corrections Sergeant
Current Job Title (or other identifying information)

Sullivan Correctional facility / 325 Riverside Drive /
Current Work Address    P.O. Box 116

Fallsburg / N.Y. / 12733-0116
County, City / State / Zip Code

Defendant 3:
BRANDON    WALLNER    #4309
First Name / Last Name / Shield #

Corrections Sergeant
Current Job Title (or other identifying information)

Groveland Correctional Facility / 7000 Sonyea Road
Current Work Address

Sonyea / N.Y. / 14556
County, City / State / Zip Code

Defendant 4:
Nurse Myers
First Name / Last Name / Shield #

Nurse (Corrections)
Current Job Title (or other identifying information)

Sullivan Correctional Facility / 325 Riverside Drive
Current Work Address    P.O. Box 116

Fallsburg / N.Y. / 12733-0116
County, City / State / Zip Code

Page 3

V.        STATEMENT OF CLAIM

Place(s) of occurrence: Sullivan Correctional Facility Infirmary.

Date(s) of occurrence:    March 29, 2022 into March 30, 2022.

## FACTS

On March 23, 2022, Plaintiff was transported by two (2) Correctional Officers for an outside hospital trip to have surgery performed on his lower back. Plaintiff was returned back to Sullivan Correctional Facility on March 29, 2022, approximately 10:45 pm, Plaintiff was taken to the Facility Infirmary (so Plaintiff can be evaluated by the Nurse and to be admitted into the infirmary for observation.), as the two (2) Correctional Trip Officers were removing Plaintiffs' restraints [taking off the handcuffs and leg shackles], Plaintiff, was talking with the Infirmary Correctional Officer (hereinafter C.O.), trying to explain that Plaintiff needed to be placed in a single room because of a Shy Bladder [there is a policy which states: "if you have a Shy Bladder, you will be placed in a single room]. The Infirmary C.O., picked up the phone and made a call [to whom, I don't know], but after the call two (2) more C.O.'s arrived [now at this time there are a total of six (6) Correctional Officers]. One of the C.O.'s started verbally abusing Plaintiff, calling him names and viciously cursing Plaintiff out. At this time Plaintiff slowly got up from his wheelchair and addressed the C.O., and said that it was not necessary to call him names or curse at him. At this time C.O. Murphy, proceeded to grab him by the front of his coat and rammed him into the wall behind

him. Right at this time Nurse Myers, came out of the Nursing Station and when she saw the actions which were being committed against Plaintiff, Nurse Myers, turned around and went back into the Nurses Station. When Nurse Myers, left C.O. Murphy, continued his assault by pulling Plaintiff from the first wall and slamming Plaintiff into the next wall. C.O. Murphy, then slammed Plaintff to the ground/floor and climbed on top of Plaintiff and punched Plaintiff once (1) in the face. C.O. Murphy, then pulled Plaintiff up by his arms back onto his feet. Plaintiff was disoriented (very dizzy) and stood there a moment trying to get his bearings/thoughts in order.

    At this time Sergeant Decker, arrived at the infirmary after the assault occurred, but saw Plaintiff very disoriented, but still allowed the verbal abuse to continue as Plaintiff was ordered to push his own wheelchair into one of the infirmary's rooms, where Plaintiff was left, then he passed out. When Plaintiff awoke he realized that he was on the floor and some of his staples from his back surgery came loose/open and Plaintiff was bleeding.

    When the Infirmary C.O. did his rounds [Plaintiff pressed the emergency call button numerous times, but no Nurse ever responded to Plaintiffs' repeated call's]. Plaintiff stopped the Infirmary C.O. and explained that he needed to go back to the hospital because the staples which he had on his back busted/or came loose and Plaintiff was bleeding badly. The Infirmary C.O. left and came back with a Sergeant

    At this time Plaintiff made the same request to "Sergeant B.Wallner, to be taken back to the hospital to be

checked out. Plaintiff also informed "Sergeant B. Wallner" that Plaintiff has been bleeding for hours, as Plaintiff did his best to stand up using the wheelchair, blood began to drip onto the floor, this is how badly Plaintiff was bleeding, that blood had soaked through Plaintiffs' clothes and began to make a puddle on the floor. "Sergeant B. Wallner", told Plaintiff that it was 2:00 am, and that Plaintiff would be seen by a Nurse in the morning. Plaintiff explained to "Sergeant B. Wallner" that he has not been seen by any Nurse when he got here and that he was assaulted by a Correctional Officer. "Sergeant B. Wallner", stated: "don't know anything about it", and walked away.

[again Plaintiff pressed the emergency call button numerous times, again with no Nurse response]. When the Infirmary C.O., made another round, Plaintiff informed the Infirmary C.O., that he was still bleeding and was in severe pain and needed to be seen by a Nurse.

Nurse Myers, finally appeared at 3:00am, with some Tylenol. Plaintiff spoke with Nurse Myers, through the Infirmary's room door. Plaintiff, explained to Nurse Myers, that he woke up on the floor a couple of hours ago and that the wound on Plaintiffs' back felt like the staples came loose or busted, Plaintiff showed Nurse Myers, all the blood on the floor. Plaintiff, at this time asked Nurse Myers, for something for the pain and Nurse Myers, told the Plaintiff that "She could not open the door", and placed the pills (Tylenol) on the floor and slid them under the door. Nurse Myers, knew that the Plaintiff was in pain and that Plaintiff was not able to bend down. She also knew that Plaintiff, did not want to be issued any medication on the floor. She said "there was nothing she could do" and walked away.

When the shift changed Plaintiff informed Officer Wilson (7-3 shift), that he had been assaulted the night before and needed to be seen by someone. C.O. Wilson, noticed the pills still on the floor. Officer Wilson, called one of the Inmate Porters to come and clean up the blood that was on the chair and on the floor. Shorty thereafter, a Nurse came in and the Plaintiff, explained to the Nurse what had happen as well. The Nurse changed Plaintiffs' bandage and gave Plaintiff some medication and left.

Plaintiff stayed in the Infirmary well over two (2) months, and during that time Plaintiff tried numerous times to be seen by a grievance representative, Plaintiff also tried many times to get paper an pencil but at no time was any afforded to him because they knew Plaintiff wanted to place a grievance complaint. Plaintiff ended up submitting his grievance complaint when he was release from the Infirmary on June 9, 2022.

During Plaintiff's stay in the infirmary his wife contacted the Office of Special Investigation and they came to interview him about the assault. They filed the complaint with their office.

### INJURIES

It took Plaintiff sometime to get out of the Infirmary due to the fact that the wound from his surgery from being open took longer to heal. I am presently:

1.      Experiencing constant pain,
2.      Have severe difficulty sleeping,
3.      Can't walk or stand for prolong period of time,

All due to the assault I suffered at the hands of C.O. Murphy, and the inadequate medical care/help by Nurse Myers.

## RELIEF

(a) For compensatory damages Plaintiff seeks One (1) Million dollars on each Defendant.

(b) For Punitive damages Plaintiff seeks One (1) Hundred Thousand dollars on each Defendant.

(c) and any further relief Your Honor deems just and proper.

*[signature]*
Salim Nafis Az-Zahid #95B1237
Wyoming Correctional Facility
P.O. Box 501
Attica, N.Y. 14011-0501

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 6-4-24 | | _Salim Nafis Az-Zahid_ #95-B-1237 |
|---|---|---|
| Dated | | Plaintiff's Signature |

| Salim | Nafis | Az-Zahid | #95-B-1237 |
|---|---|---|---|
| First Name | Middle Initial | Last Name | |

| Wyoming Correctional Facility / P.O. Box 501 |
|---|
| Prison Address |

| Attica | N.Y. | 14011-0501 |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: 6-4-24

Salim Nafis Az-Zahid #95-B-1237
Wyoming Correctional Facility
P.O. Box 501
Attica, N.Y. 14011-0501



Clerk Of Court
United States District Court
Southern District of New York
Charles L. Brieant. Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, N.Y. 10601

*****LEGAL MAIL*****