UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALIM NAFIS AZ-ZAHID,

Plaintiff,

v.

C.O. Murphy, *et al.*,

Defendants.

No. 23-CV-6718 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, formerly incarcerated at Sullivan Correctional Facility, brings this pro se action under 42 U.S.C. § 1983, alleging that corrections officers and medical personnel assaulted him and denied him medical care.  (*See* First Am. Compl. ("FAC") 4–9 (Dkt. No. 18).)  By order dated September 11, 2023, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis.  (*See* Order (Dkt. No. 5).)  On March 11, 2024, the Court issued an Order of Service directing service on the named Defendant and ordering the New York State Attorney General's Office ("OAG") to identify the John Doe Defendant and all other correctional officers involved in the alleged events pursuant to its obligations under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997).  (*See* Order (Dkt. No. 7).)  The OAG complied with that Order, providing the name Sergeant Brandon Wallner ("Wallner"), on May 31, 2024.  (*See* Letter from S. Cynthia Luo, Esq. to Court (May 31, 2024) (Dkt. No. 15).)  On June 27, 2024, Plaintiff filed an Amended Complaint, naming Sergeant Wallner, Sergeant Decker ("Decker"), and Nurse Myers ("Myers") as Defendants.  (*See* FAC.)

To allow Plaintiff to effect service on Defendants Wallner, Decker, and Myers through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

Receipt and Return form ("USM-285 form") for these Defendants.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendants Wallner, Decker, and Myers.

Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  Plaintiff also must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

CONCLUSION

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, together with an information package.  The Clerk of Court is also directed to complete a USM-285 form with the addresses for Defendants Wallner, Decker, and Myers and deliver all documents necessary to effect service on these Defendants to the U.S. Marshals Service.  The Clerk of Court is further directed to mail a copy of this order and a copy of the Amended Complaint to the OAG at 28 Liberty Street, 18th Floor New York, NY 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 26, 2026
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

2

DEFENDANTS AND SERVICE ADDRESSES

Sgt. Brandon Wallner, Shield #4309
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, NY 14556

Nurse Myers
Sullivan Correctional Facility
325 Riverside Drive, P.O. Box 116
Fallsburg, NY 12733-0116

Sgt. Decker
Sullivan Correctional Facility
325 Riverside Drive, P.O. Box 116
Fallsburg, NY 12733-0116